**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINGWU JIN, | No. 13-71275 |
| Petitioner, | Agency No. A088-280-043 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]

Before:      WALLACE, LEAVY, and BYBEE, Circuit Judges.

Jingwu Jin, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his motion to reopen removal proceedings conducted in absentia.

We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny the petition for review.

The agency did not abuse its discretion by denying as untimely Jin's motion to reopen where he filed his motion nearly three years after his in absentia order of removal became administratively final, *see* 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(1), (4), and Jin did not present sufficient evidence to rebut the presumption of effective delivery, *see Popa v. Holder*, 571 F.3d 890, 897-98 (9th Cir. 2009) ("The government satisfies notice requirements 'by mailing notice of the hearing to an alien at the address last provided to the [agency].'" (citation omitted)); *Sembiring v. Gonzales*, 499 F.3d 981, 988-89 (9th Cir. 2007) (identifying factors relevant to evaluating a petitioner's rebuttal of the presumption of effective delivery). In addition, Jin failed to demonstrate the due diligence necessary to warrant equitable tolling of the filing deadline. *See Avagyan*, 646 F.3d at 679.

In light of our disposition, we do not reach Jin's remaining contentions.

**PETITION FOR REVIEW DENIED.**

13-71275